UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.: _____

LIA HIGGS, and other similarly situated individuals, )
)
Plaintiff(s), )
)
v. )
)
HEALTH MANAGEMENT )
CORPORATION OF AMERICA, )
)
Defendant. )
)

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiff LISA HIGGS (the "Plaintiff") and other similarly situated individuals sue defendant HEALTH MANAGEMENT CORPORATION OF AMERICA (the "Defendant") and allege:

### I.    JURISDICTION

1. This is an action for race discrimination under 42 U.S.C. § 1981. This is also an action to recover money damages for unpaid overtime wages and for retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act" or the "FLSA").

## II.  VENUE

2. The Defendant is a New York corporation duly authorized to do business and doing business in Broward County, Florida.

3. The Plaintiff is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court. The Plaintiff is a covered employee for purposes of the Act.

4. Defendant has a place of business in Broward County, Florida, where Plaintiff worked for the Defendant. At all times material, Defendant is and was engaged in interstate commerce.

5. The acts or omissions giving rise to this complaint occurred in whole or in part in Broward County, Florida.

6. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because the employment records of the Plaintiff are stored or have been administered, in Broward County, Florida.

## III.  GENERAL ALLEGATIONS COMMON TO ALL COUNTS

7. At all times material, the Plaintiff was employed by the Defendant as a receptionist from approximately from June 22, 2022, through her wrongful termination on or about August 17, 2022.

8. The Plaintiff performed her duties in a satisfactory manner and was never written up by the Defendant.

9. Plaintiff worked on average 52 hours per week for the Defendant. For her work, she was paid approximately $16 per hour.

10. However, Defendant automatically deducted 2.5 hours per week from Plaintiff's paycheck. Allegedly, this automatic deduction was used to offset Plaintiff's time used to take a lunch break. However, Plaintiff routinely did not take lunch breaks and instead worked during her breaks. Thus, she is owed approximately 2.5 hours of overtime each week in which she worked for the Defendant.

11. Plaintiff complained about the illegal practice of the Defendant; that of automatically reducing 2.5 hours from Plaintiff's paycheck every week. In response, Defendant stated "we only pay overtime after 42.5 hours of weekly work, that is how we do it!"

12. The illegal practice of automatically deducting 2.5 hours per week was applied to Plaintiff's similarly situated employees. It is a company-wide policy of the Defendant.

13. In addition to the illegal payroll practices of the Defendant, Plaintiff witnessed and suffered race discrimination by Defendant's MRI Technician, Jorge Fong.

14. Mr. Fong verbally abused and harassed black female employees at the Defendant. He specially harassed those black women of Bahamian, Jamaican and Haitian descent. Mr. Fong did not however verbally abuse or harass Caucasian white employees.

15. For example, Mr. Fong sexually harassed a black employee, Bianca Buchanan. He, on an almost daily basis, would provocatively touch Ms. Buchanan's back without her consent, and despite that fact that Ms. Buchanan told Mr. Fong that she did not welcome his sexual advances. Plaintiff witnessed this ongoing sexual harassment toward Ms. Buchanan. Mr. Fong did not sexually harass Caucasian employees. Ms. Buchanan was terminated.

16. As yet another example of harassment, Mr. Fong routinely yelled and micromanaged the work of female black employees of Bahamian, Jamaican, and Haitian descent.

Among those employees that Mr. Fong harassed in this manner were Plaintiff, Bianca Buchanan, Kaitlyn (ULN), Danielle (ULN) and Christie (ULN). Mr. Fong did not yell or micromanage the work of Caucasian employees.

17. Plaintiff immediately reported Mr. Fong's harassment of black employees to her supervisors on or about June 27 and July 29, 2022. Defendant did nothing to stop the racial harassment.

18. On or about August 9, 2022, Plaintiff wrote an email to all her supervisors including Arturo Gasc, Gina Destenay, Xavier Rodrigo, and Janice Veroline (the "August 9 Email").

19. The August 9 Email complains about racial discrimination. Plaintiff knew that the August 9 Email could get her terminated, but she sent it anyways because she could not stand the harassment toward her, or toward her co-workers.

20. Days later, on or about August 17, 2022, Defendant terminated Plaintiff's employment allegedly because of "excessive absences." This is clearly pretext because the days Defendant accuses Plaintiff to have missed work, are days in which Plaintiff was on approved leave or days in which she had already been terminated.

21. All conditions precedent to bringing this action have occurred, been performed or been excused.

22. The Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. The Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## **COUNT I: UNPAID OVERTIME – FLSA**

23. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-12 and 20-22 above as if set out in full herein.

24. The Plaintiff is a covered employee for purposes of the Act.

25. This action is brought by the Plaintiff and those similarly situated to recover from the Defendant unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. Section 207(a)(1) of the Act states: "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

26. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Defendant is a company engaged in the business of offering non-medical management services for diagnostic imaging centers and, at all times pertinent to this Complaint, was engaged in interstate commerce. Defendant has offices in New York and in Florida.

27. At all times pertinent to this Complaint, the Defendant operated as an organization which sold and/or marketed its services and/or goods to customers from throughout the United States and also provided its services for goods sold and transported from across state lines of other states, and the Defendant obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce, particularly with respect to its employees.

28. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto far in excess of $500,000 per annum, and/or the Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

29. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act and/or the Plaintiff and those similarly situated were and are engaged in interstate commerce for the Defendant. Defendant's business activities involve those to which the Act applies. Defendant is a company offering non-medical management services for diagnostic imaging centers in Florida and in New York, and, through its business activity, affects interstate commerce. The Plaintiff's work for the Defendant likewise affects interstate commerce. Plaintiff was employed by the Corporate Defendant as a receptionist for Defendant's business.

30. While employed by Defendant, the Plaintiff worked approximately an average of 52 hours per week, but was not compensated for at least 2.5 hours per week, each week Plaintiff worked for the Defendant.

31. The Plaintiff was employed as a receptionist performing the same or similar duties as that of those other similarly situated receptionists whom the Plaintiff observed working in excess of 40 hours per week without proper overtime compensation.

32. The Plaintiff worked for the Corporate Defendant from approximately 06/22/2022 to 08/17/2022. In total, the Plaintiff worked approximately **8** compensable weeks under the Act, or 8 compensable weeks if counted 3 years back from the filing of the instant action.

33. The Corporate Defendant paid the Plaintiff on average approximately $16 per hour.

34. The Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years back from the date of the filing of this Complaint.

35. Prior to the completion of discovery and to the best of the Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of his/her unpaid overtime wages is as follows:

    a. Actual Damages: $480

        i. <u>Calculation</u>: $24 x 2.5 x 8 = $480

    b. Liquidated Damages: $480

    c. Total Damages: $960 plus reasonable attorneys' fees and costs of suit.

36. At all times material hereto, Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that the Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by Defendant to properly pay them at the rate of time-and-one-half for all hours worked in excess of forty hours (40) per workweek as provided in the Act.

37. The additional persons who may become plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time-and-one-half of their regular rate of pay for all overtime hours worked in excess of forty.

38. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages and remains owing the Plaintiff and those similarly situated these overtime wages since the commencement of the Plaintiff's and those similarly situated employees' employment with Defendant as set forth above, and the Plaintiff and those

similarly situated are entitled to recover double damages. Defendant never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

39. Defendant willfully and intentionally refused to pay the Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing the Plaintiff these overtime wages since the commencement of the Plaintiff's employment with Defendant as set forth above.

40. The Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

**WHEREFORE**, the Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for the Plaintiff and others similarly situated and against the Defendant on the basis of the Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award the Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award the Plaintiff an equal amount in double damages/liquidated damages; and

D. Award the Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## COUNT II: RETALIATION – FLSA

41. The Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-12 and 20-22 above as if set out in full herein.

42. The Plaintiff is a covered employee for purposes of the Act.

43. Defendant willfully and intentionally refused to pay the Plaintiff 2.5 hours of overtime per week while she was employed by Defendant.

44. Section 206(a)(3) of the Act states that it shall be unlawful for any person "to **discharge or in any manner discriminate** against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . ."

45. Plaintiff complained about her unpaid overtime to the Defendant.

46. In response, Defendant denied Plaintiff her requested overtime and later on, on or about August 17, 2022, Defendant terminated Plaintiff's employment.

47. The motivating factor, which caused the Plaintiff's discharge and denial of overtime as described above, was the complaint seeking the payment of overtime wages from the Defendant. Alternatively, Plaintiff would not have been fired but for her complaint about unpaid overtime wages.

48. The Defendant's termination of the Plaintiff was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, the Plaintiff has been damaged.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

A. Enter a judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B. Order reinstatement and promotion and injunctive relief prohibiting the Defendant from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

20900 NE 30th Avenue, Suite 800   Telephone: 305.503.5131
Aventura, Florida 33180   Facsimile: 888.270.5549

## COUNT III: RACE DISCRIMINATION (DISPARATE TREATMENT) – 1981

49. The Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-8 and 13-22 of this Complaint.

50. The Plaintiff is a member of a protected class of black citizens of Caribbean descent.

51. At all times relevant, the Plaintiff was in a contractual relationship with Defendant within the meaning of 42 U.S.C.A. § 1981, as amended.

52. During the course of the Plaintiff's employment with Defendant, the Defendant has violated the Plaintiff's rights by depriving her of her right to the enjoyment of all benefits, privileges, terms and conditions of her employment contract as is enjoyed by Caucasian or non-Black citizens of Caribbean descent, in violation of 42 U.S.C.A. § 1981(b), as amended.

53. During the course of the Plaintiff's employment with Defendant, the Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of employment, as have Caucasian or non-Black employees of Caribbean descent of the Defendant.

54. The Defendant's treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 13-22 of this Complaint, denied the Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by Caucasian or non-black citizens, in violation of 42 U.S.C.A. § 1981, as amended.

55. Defendant's treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 13-22, denied the Plaintiff the right to make and enforce contracts as enjoyed by Caucasian or black citizens, in violation of 42 U.S.C.A. § 1981, as amended.

56. Through their actions and treatment of the Plaintiff, the Defendant intended to discriminate against the Plaintiff on the basis of the Plaintiff's race and ancestry.

57. During the course of the Plaintiff's employment with Defendant, the Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of her race, as more fully described in paragraphs 13-22 of this Complaint.

58. Despite Defendant's knowledge of the ongoing discrimination, it failed to take remedial action.

59. Defendant knowingly and willfully violated the law. Defendant acted with malice and with reckless indifference to the Plaintiff's rights and emotional and physical well-being.

60. As a direct and proximate result of the foregoing, the Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

61. The Plaintiff has suffered damages of an on-going and continuous nature.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

A. Enter judgment in the Plaintiff's favor and against the Defendants for their violations of 42 U.S.C.A. § 1981, as amended;

B. Award the Plaintiff actual damages suffered;

C. Award the Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered;

D. Award the Plaintiff prejudgment interest on his damages award;

E. Award the Plaintiff punitive damages;

F. Enjoin the Defendants, their officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against the Plaintiff and any employee;

G. Award the Plaintiff reasonable costs and attorneys' fees; and

H. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

## **COUNT IV: RACE DISCRIMINATION (RETALIATION) – 42 U.S.C.A. § 1981**

62. The Plaintiff adopts and incorporates by reference the allegations in paragraphs 1-8 and 13-22 of this Complaint.

63. The Plaintiff is a member of a protected class of Black citizens.

64. At all times relevant, the Plaintiff was in a contractual relationship with Defendant within the meaning of 42 U.S.C.A. § 1981, as amended.

65. During the course of the Plaintiff's employment with Defendant, Defendant has violated Plaintiff's rights by depriving her of her right to the enjoyment of all benefits, privileges, terms and conditions of her employment contract as is enjoyed by Caucasian white employees, in violation of 42 U.S.C.A. § 1981(b), as amended.

66. During the course of the Plaintiff's employment with Defendant, the Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of employment, as have Caucasian or white employees of the Defendants.

67. The Defendants' treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 13-22 of this Complaint, denied the Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by Caucasian or white employees, in violation of 42 U.S.C.A. § 1981, as amended.

68. The Defendant's treatment, practices and policies directed toward the Plaintiff, as more fully described in paragraphs 13-22, denied the Plaintiff the right to make and enforce contracts as enjoyed by Caucasian or white employees, in violation of 42 U.S.C.A. § 1981, as amended.

69. Through their actions and treatment of the Plaintiff, the Defendant intended to discriminate against the Plaintiff on the basis of the Plaintiff's race and ancestry.

70. Plaintiff complained about race discrimination.

71. In response, the Defendant terminated Plaintiff's employment.

72. Defendant knowingly and willfully violated the law. Defendant acted with malice and with reckless indifference to the Plaintiff's rights and emotional and physical well-being.

73. As a direct and proximate result of the foregoing, the Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

74. The Plaintiff has suffered damages of an on-going and continuous nature.

**WHEREFORE**, the Plaintiff requests that this Honorable Court:

A. Enter judgment in the Plaintiff's favor and against the Defendant for its violations of 42 U.S.C.A. § 1981, as amended;

B. Award the Plaintiff actual damages suffered;

C. Award the Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress the Plaintiff has suffered;

D. Award the Plaintiff prejudgment interest on his damages award;

E. Award Plaintiff punitive damages;

F. Enjoin the Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against the Plaintiff and any employee;

G. Award the Plaintiff reasonable costs and attorneys' fees; and

H. Grant the Plaintiff such other and further relief as this Court deems equitable and just.

**SAENZ & ANDERSON, PLLC**

20900 NE 30th Avenue, Suite 800　　　Telephone: 305.503.5131
Aventura, Florida 33180　　　Facsimile: 888.270.5549

## JURY TRIAL DEMAND

The Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: September 26, 2022.

                                                Respectfully submitted,

**By: /s/Julisse Jimenez**
Julisse Jimenez, Esquire
Fla. Bar No.: 65387
Email: julisse@saenzanderson.com
R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiff*

**SAENZ & ANDERSON, PLLC**
20900 NE 30th Avenue, Suite 800    Telephone: 305.503.5131
Aventura, Florida 33180    Facsimile: 888.270.5549