UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
Case No.: 0:22-cv-61812-RKA

LIA HIGGS, and other similarly situated individuals, )
)
Plaintiff(s), )
)
v. )
)
HEALTH MANAGEMENT CORPORATION OF AMERICA, )
)
Defendant. )

**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AND TO DISMISS CASE WITH PREJUDICE WITH INCORPORATED MEMORANDUM OF LAW**

Plaintiff, LIA HIGGS ("Plaintiff"), and Defendant, HEALTH DIAGNOSTICS MANAGEMENT LLC D/B/A HEALTH MANAGEMENT COMPANY OF AMERICA ("Defendant") (collectively "the Parties"), pursuant to *Lynn's Food Store, Inc. v. United States,* 679 F.2d 1350, 1353, (11th Cir. 1982), jointly request that this Court make a fairness finding approving the terms of the Parties' settlement of the above-captioned matter and dismissing this case with prejudice. The Parties' Settlement Agreement is being provided for in camera review as per this Court's order (D.E. # 33).

**BACKGROUND**

1. Plaintiff filed suit against the Defendants alleging claims for unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), retaliation under the FLSA, race discrimination and retaliation under 42 U.S.C.A. § 1981. Plaintiff also filed a claim for race, sex and national origin discrimination with the Equal Employment Opportunity Commission (the "EEOC").

1

2. Because a portion of the settlement involves Plaintiff's claims under the FLSA, and because FLSA settlement agreements must be supervised or approved by the Court, the Parties request that the Court approve the settlement agreement, which the Parties will submit to the Court for *in camera* review with leave of Court granted on December 27, 2022 [D.E. 33].

3. Plaintiff's counsel is experienced in wage and hour litigation and is fully satisfied that the resolution and the terms and conditions of the settlement agreements are fair, reasonable, and adequate and that the agreed-upon resolution of the case and the settlement agreements are in Plaintiff's best interest.

**I.     Legal Principles**

    a. The Court is Empowered to Approve the Settlement as Fair and Reasonable.

In this case, Plaintiff and Defendant reviewed the payroll records and Plaintiff filed an Amended Statement of Claim with the amount claimed owed to her. Defendant, although vehemently denying liability or that it owes any wages, agreed to compensate Plaintiff as detailed in the Parties' Settlement Agreement which is being sent for an *in camera* review as per this Court's Orde (D.E. # 33).

The Parties respectfully request that the Court consider this settlement as "fair and reasonable." In one of the seminal cases on this issue, the Eleventh Circuit held that there are two ways that FLSA wage and hour related claims can be settled or compromised: The United States Department of Labor's supervision of the settlement or, in private party lawsuits such as is this one, the court's approval of the settlement after reviewing it for fairness. Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982) (citing 29 U.S.C. § 216 (b) and (c)). The purpose of this process is to ensure that a settlement resolving claimed violations of the FLSA is reached between parties of equal bargaining power.

In the context of FLSA cases where there is a dispute over liability or the degree of liability, to be considered "fair and reasonable," the settlement need not reflect recovery of every possible dollar that the Plaintiff would win if the Court were to rule in the Plaintiff's favor with respect to every possible claim. Instead, the settlement need only reflect a reasonable compromise of the Plaintiff's claims.

Settlements in cases in which private counsel is representing private parties are permitted as a compromise of the claims. As the Court in Lynn's Food explained:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id. at 1354.

Indeed, the parties note that courts from other circuits have held that it is not necessary to even have the court review the settlement if it is between private parties and it involves a bona fide dispute concerning the validity of the claims. Martinez v. Bohls Bearing Equip. Co., 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005). In Martinez, Judge Rodriguez thoroughly analyzed the case law regarding the settlement and compromise of FLSA claims. In doing so, he concluded that private party settlements, even without court approval, are permissible "where there is a bona fide dispute as to the amount of hours worked or compensation due." Id.

The parties cite Martinez simply to note that courts recognize that in FLSA cases there are likely to be reasonable disputes concerning the validity or breadth of the plaintiff's claims and

3

reasonable compromises of these disputes are not only to be expected but are encouraged to avoid protracted and risky litigation. Recognition of such is what led the parties to in good faith resolve their dispute after negotiations.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by the Plaintiff against her former employer, which was adversarial in nature.

The Settlement Agreement includes every term and condition of the Parties' settlement.

The Parties agree that the instant action involves disputed issues regarding the Plaintiff's claimed unpaid wages and damages potentially available to Plaintiff. The Parties further agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff and Defendants discussed (extensively) the Plaintiff's alleged unpaid wages, pay rate, the applicability of defenses, calculation of damages, and formulated their own proposed settlement figures. The Parties then engaged in detailed and extensive settlement discussions, based upon their independent calculations. Contemporaneously, the Parties engaged in informal discovery to narrow the issues before any substantial litigation ensued and participated in a settlement conference. The Parties then voluntarily agreed to the terms of their settlement at the conclusion of their negotiations.

**II.** The Settlement is Fair and Reasonable in the Instant Case.

1. *Plaintiff received payment for overtime wages allegedly due.*

This case presents a disputed claim for overtime compensation. The parties engaged in preliminary discovery and exchanged documents reflecting time worked by Plaintiff and agreed to settle the claim as per the Parties' Settlement Agreement.

>    2.    *The amount attributed to attorney's fees is reasonable.*

Finally, this Court should also approve the attorneys' fees and costs provision of the Agreement because the Parties complied with this Court's ruling in <u>Bonetti v. Embarq. Mgmt. Co.</u>, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), when determining fees and costs. In <u>Bonetti</u>, the court held that if the plaintiff's recovery and attorneys' fees were settled independently of the plaintiff's claims, which is precisely what was done here, there would be no need to file the attorneys' billing records unless the fees were out of line compared with the settlement agreement. Thus, the award of attorneys' fees and costs would no longer require approval using the lodestar approach. In this case, Plaintiffs' fees and costs were negotiated and settled independently of Plaintiffs' FLSA claims.

The attorney's fees and costs concerning the above-styled action have been negotiated and will be paid *separately* from Plaintiff's recovery. Counsel for Plaintiff further stipulates that the amount recovered by Saenz & Anderson, PLLC in attorney's fees and costs is fair and reasonable, and that she accepts this in full satisfaction of the attorney's fees and costs incurred on the Plaintiff's behalf. A copy of Saenz & Anderson, PLLC's and billing records in support of this motion are attached as **Exhibit "A"**.

The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement.

The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

### III.   Conclusion

The Parties jointly and respectfully request that this Court approve the settlement between the Parties and dismiss the instant action with prejudice. A copy of a proposed Order granting the instant motion is attached hereto as **Exhibit "B"**.

Respectfully submitted,

| /s/ Julisse Jimenez | /s/ Craig Salner |
|---|---|
| Julisse Jimenez (FBN: 65387) | Craig Salner (FBN: 669695) |
| E-mail: julisse@saenzanderson.com | E-mail: csalner@cspalaw.com |
| SAENZ & ANDERSON, PLLC | Samantha A. Gonzalez (FBN: 1031254) |
| 20900 NE 30th Avenue, Ste. 800 | E-mail: sgonzalez@cspalaw.com |
| Aventura, Florida 33180 | CLARKE SILVERGLATE, P.A. |
| Telephone: (305) 503-5131 | 799 Brickell Plaza, Suite 900 |
| Facsimile: (888) 270-5549 | Miami, FL 33131 |
| *Counsel for Plaintiff* | Telephone: (305) 377-0700 |
| | Facsimile: (305) 377-3001 |
| | *Counsel for Defendant* |